■ In the Matter of JOHNNY GWYNN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 13, 1977 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the New York State Board of Parole. Petitioner is serving three concurrent sentences imposed after conviction for second degree robbery, second degree assault and possession of a weapon. The Parole Board considered petitioner for parole on January 4, 1977. In denying him parole, the board stated in part: "Parole denied due to serious nature of instant offense and history of anti-social behavior drug abuse. Further you have failed to benefit from this period of incarceration as evidenced by your poor institutional record and abscondance during recent furlough. It is recommended that if possible you involve yourself in group therapy." We can find no violation of statutory duty or existent constitutional rights on this record. Respondent fully complied with the dictates of the Correction Law (Correction Law, §§ 210-214). Upon review, we are confined to an examination of the reasons stated for denial of parole and a determination that the reasons are meaningful (Correction Law, § 214, subd 6; Matter of Gonzague v New York State Bd. of Parole, 58 AD2d 707). We are satisfied that petitioner received his statutory protections. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.